FILED

NOT FOR PUBLICATION

JAN 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICHOLAS SCOTT STONE,

          Petitioner - Appellant,

   v.

R. LOPEZ, Warden,

          Respondent - Appellee.

No. 13-17313

D.C. No. 1:10-cv-01335-LJO-MJS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: KOZINSKI and TALLMAN, Circuit Judges, and PIERSOL,** Senior
District Judge.

     Petitioner-appellant Nicholas Scott Stone appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition challenging his conviction for attempted

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*    The Honorable Lawrence L. Piersol, Senior U.S. District Judge for the
for the District of South Dakota, sitting by designation.

murder with premeditation in violation of California Penal Code §§ 664 and 187. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court did not err by holding that the state court's determination that Stone received constitutionally adequate notice of the attempted murder charge was a reasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Stone claims his defense was prejudiced when the prosecution's theory at trial diverged from the original complaint. But where there is a variance between "the allegations and proof," the inquiry is "whether there has been such a variance as to 'affect the substantial rights' of the accused." *Berger v. United States*, 295 U.S. 78, 82 (1935). Under *Brecht*, relief is proper only if we have "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 627 (1993)).

Stone has failed to show how the information charging him with the attempted murder of "J.F." prejudiced his defense. At the preliminary hearing and at trial, the prosecutor clearly argued Stone attempted to murder *someone* in the group of Norteños, which included J.F. Both the preliminary hearing and the trial testimony focused on the angle of the gun and whether Stone's intent was to shoot

2

up in the air and scare the group, or whether Stone instead pointed the gun down and intended to kill. Considering the similarities between the proof presented at the preliminary hearing and the proof presented at trial, we cannot say that any error in notice was so great as to "affect the substantial rights" of Stone or have a "substantial and injurious effect" on the verdict. *Brecht*, 507 U.S. at 632 n.7. Because the "issue in appellant's trial was not who he intended to kill but whether he intended to kill," the California Court of Appeal reasonably concluded any error was harmless. *People v. Stone*, No. F051812, 2009 WL 3358436, at *8 (Cal. Ct. App. Oct. 20, 2009) (unpublished).

    **AFFIRMED.**